IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON



MARVIN L. STAGGS and
MARJORIE A. STAGGS,

        Plaintiffs,

    v.

FARMERS INSURANCE
EXCHANGE,

        Defendant.

Civ. No. 3:15-cv-01502-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiffs Marvin and Marjorie Staggs ("Plaintiffs") filed this action against defendant

Farmers Insurance Exchange ("Defendant" or "Farmers"), alleging breach of an insurance

contract. Before the court is Defendant's Motion to Dismiss, ECF No. 6, pursuant to Federal

Rule of Civil Procedure 12(b)(1). I have considered the parties' motions and all of the pleadings

on file. For the reasons that follow, Defendant's motion to dismiss is GRANTED and Plaintiffs'

complaint is DISMISSED WITHOUT PREJUDICE.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an insurance coverage dispute between Farmers and Plaintiffs.

Plaintiffs owned a home in Marion County, Oregon, which was destroyed by a fire on or about

August 10, 2013. At the time of the fire, the home was insured under a Farmers homeowners'

policy. An insurance coverage dispute ensued and Plaintiffs filed this lawsuit on August 10,

2015. In its Motion to Dismiss, ECF No. 6, Farmers argues that the court lacks subject matter

jurisdiction over this matter because there is no diversity between the parties.

1 – OPINION AND ORDER

Plaintiffs are citizens of Oregon. Farmers is a reciprocal insurance exchange with its primary place of business in California. Some Farmers policyholders—such as Plaintiffs—are Oregon citizens. Based on the distinction between a corporation and a reciprocal insurance exchange, which I will discuss in more detail below, the parties disagree about whether Farmers is a citizen of Oregon or California for purposes of determining subject matter jurisdiction.

## **STANDARD OF REVIEW**

A Rule 12(b)(1) dismissal for lack of subject matter jurisdiction can be based either on the face of the complaint or on extrinsic evidence demonstrating lack of jurisdiction on the facts of the case. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). When evaluating an attack on jurisdiction, the court accepts as true all factual allegations set forth in the complaint. *United States v. One 1997 Mercedes E420*, 175 F.3d 1129, 1130 n. 1 (9th Cir. 1999). Plaintiffs, as the party asserting jurisdiction, have the burden of establishing that the court has subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See id.* Any actions or agreements by the parties are irrelevant when determining subject matter jurisdiction. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Instead, the court only has original jurisdiction over actions that involve over $75,000 in controversy and are between citizens of different states. 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). For purposes of determining a party's citizenship, a natural person is deemed a citizen of the state in which he or she is domiciled, *Kanter v. Warner-Labert Co.*, 265 F.3d 853, 857 (9th Cir. 2001), a

2 – OPINION AND ORDER

corporation is deemed a citizen of any state in which it is incorporated or has its principal place

of business, *see* 28 U.S.C. § 1332(c), and an unincorporated association is deemed a citizen of

any state in which its "members" are citizens, *Johnson v. Columbia Properties Anchorage, LP*,

437 F.3d 894, 899 (9th Cir. 2006); *see also Shultz Corp. v. Indus. Indemnity Co.*, 727 F. Supp.

1359, 1362 (D. Or. 1989).

## DISCUSSION

### I.    This Court Lacks Subject Matter Jurisdiction Over Farmers

#### A.    *Background on Reciprocal Insurance Exchanges*

In a reciprocal insurance exchange, individuals and businesses pool risk by agreeing to

indemnify each other against particular kinds of losses. 43 Am. Jur. 2d *Insurance* § 72 (2016).

These policyholders—known as "subscribers"—act through a common attorney-in-fact and are

simultaneously both insurers and insureds. *Id.*; *see also* 2 John A. Appleman & Jean Appleman,

*Insurance Law & Practice* § 10121 (2011). Unlike mutual insurance companies, insurance

exchanges do not have a corporate existence; instead, they are simply an unincorporated

association of individuals who swap potential liabilities between themselves. 43 Am. Jur. 2d

*Insurance* § 72 (2016); 2 J. Appleman at § 1012. As an unincorporated association, a reciprocal

insurance exchange is a citizen of any state in which its members are citizens.

#### B.    *As a Reciprocal Insurance Exchange, Farmers Shares Citizenship with Each of its Members*

The parties do not dispute that Farmers is a reciprocal insurance exchange. Accordingly,

as a matter of law, Farmers is an unincorporated association and its citizenship hinges on the

citizenship of its members. *Johnson*, 437 F.3d at 899; *Shultz Corp.*, 727 F. Supp. at 1362; *see*

*also True v. Robles*, 571 F.3d 412, 422 n. 2 (5th Cir. 2009) ("As an unincorporated association, a

reciprocal insurance exchange is considered to have the citizenship of its members for diversity

purposes in federal court"). Notwithstanding this fact, Plaintiffs raise three unavailing arguments for why Farmers should be considered a California citizen.

First, Plaintiffs contend Farmers' principal place of business is located in California, variously citing addresses located on Plaintiffs' insurance policy and Farmers' website. Def.'s Br., ECF No. 7, at 2–3. Although the principal place of business test determines a corporation's citizenship, 28 U.S.C. § 1332(c), it is not relevant when considering the citizenship of an unincorporated association such as Farmers, *Johnson*, 437 F.3d at 899; *Shultz Corp.*, 727 F. Supp. at 1362.

Plaintiffs further point to the Oregon Insurance Division's online insurance company search engine. Def.'s Br., ECF No. 7, at 2. Search results for "Farmers Insurance Exchange" list Farmers' "State of Incorporation" as California and its "Incorporation Date" as January 1, 1928. Def.'s Br., ECF No. 7-2. Despite results revealed by this cursory search, Farmers is not a corporation. Plaintiffs' reliance on this search engine—as opposed to the California Secretary of State or Farmers' own website[1]—does not change Farmers' legal form.

Lastly, Plaintiffs make a two-part argument that their Farmers homeowners' insurance policy, when combined with several provisions of California law, should be read to fundamentally alter Farmers' organizational structure. Def.'s Br., ECF No. 7, at 3–4. First, Plaintiffs assert that because the policy states Farmers may be sued in state or federal court, Farmers must be a corporation. Even assuming that language in the insurance policy can change Farmers' legal form, this argument is inapposite. Agreements by the parties cannot alter this court's subject matter jurisdiction. *Ins. Corp. of Ireland*, 456 U.S. at 702. Second, Plaintiffs claim that policy language stating that Farmers may be sued as an individual means Farmers

---

[1] Farmers' website, which Plaintiffs cite, notes that there are "key differences" between a mutual insurance company and an insurance exchange. FARMERS INSURANCE EXCHANGE UPDATE, www.farmers.com/exchange (last visited Apr. 21, 2016). One of these significant distinctions is citizenship for subject matter jurisdiction purposes.

must be a California citizen. This position is incorrect: state law allowing an unincorporated

association to be sued in an individual capacity does not change the focus of this court's subject

matter jurisdiction inquiry, which still hinges on the citizenship of the association's members.

*See Lumbermen's Underwriting All. v. Mobil Oil Corp.*, 612 F. Supp. 1166, 1169 (D. Idaho

1985) (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980); *United Steelworkers of Am.,*

*AFL-CIO v. R. H. Bouligny, Inc.*, 382 U.S. 145 (1965)). For these reasons, I decline to presume

Farmers is a California citizen without looking to the citizenship of its members.

### C. *Farmers is an Oregon Citizen*

My inquiry, then, turns to the citizenship of Farmers' members. Federal courts have split

as to whether subscribers to a reciprocal insurance exchange are members or merely customers

of the exchange. *Compare Nevada Capital Ins. Co. v. Farmers Ins. Exchange*, No. 2:12-cv-

02166-APG-CWH, 2014 WL 6882342 (D. Nev. Dec. 4, 2014); *James G. Davis Const. Corp. v.*

*Erie Ins. Exchange*, 953 F. Supp. 2d 607 (D. Md. 2013); *James River Ins. Co. v. Cast &*

*Assocuates, Inc.*, No. 4:11-CV-00730-JJM, 2012 WL 1190891 (D. Ariz. Mar. 5, 2012) *with*

*Garcia v. Farmers Ins. Exch.*, 121 F. Supp. 2d 667, 669 (N.D. Ill. 2000). I conclude that under

California law, a reciprocal insurance exchange's subscribers are its members.

Farmers is organized under California law, which defines subscribers as members of an

insurance exchange. *See* Cal. Ins. Code §§ 1300–1305. Moreover, California's Corporations

Code defines an unincorporated association's member as "a person who . . . has a right to

participate in the selection of persons authorized to manage the affairs of the unincorporated

association."[2] Cal. Corp. Code § 18015(b). Here, that right is expressly reserved to the

subscribers in the insurance policy. Def.'s Br., ECF No. 7-1, at 55 ("The Board of Governors

---

[2] Alternatively, the Code allows an unincorporated association to define "members" in its governing principles. Cal. Corp. Code § 18015(a). Because neither party points to such a definition in Farmers' homeowners' insurance policy or subscription agreement, I will assume the default definition.

shall be chosen by subscribers . . . . The Board of Governors shall have full power and authority to establish such rules and regulations for [Farmers'] management as are not inconsistent with the subscriber agreements"). For these reasons, I conclude that Farmers' citizenship must be determined in relation to the citizenship of its member-subscribers. Because the Plaintiffs are Oregon citizens and Farmers' member-subscribers, I hold that Farmers is an Oregon citizen; therefore, this court lacks subject matter jurisdiction because there is not complete diversity between the parties.

Although Plaintiffs urge me to adopt the minority rule—that an insurance exchange's subscribers are customers, not members—as articulated in *Garcia*, 121 F. Supp. 2d at 669 (N.D. Ill. 2000), I decline to do so for two reasons. First, as noted above, I find that California law is controlling on this issue in this case, and it expressly states that an exchange's subscribers are indeed its members. *See* Cal. Ins. Code §§ 1300–1305. Second, although there are arguably flaws to the rule that an unincorporated association has the citizenship of its members,[3] it is Congress's responsibility to change the law. Five years after *Garcia*, for example, Congress passed the Class Action Fairness Act of 2005 ("CAFA"), which amended the diversity of citizenship rule for specific class actions. *See* 28 U.S.C. § 1332(d)(10) (for a subset of class actions, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized"). As the Senate Judiciary

---

[3] Plaintiffs cite a multitude of cases in which Farmers has sought to remove similar cases from state to federal court on the basis of diversity of citizenship. *See, e.g. Fountain v. Farmers Ins. Exchange*, No. 4:13-cv-120-D(2), 2014 WL 6851623 (E.D. N.C. Dec. 3, 2014); *Wheeler v. Farmers Ins. Exchange*, No. 13-cv-0951, 2014 WL 280356 (W.D. La. Jan. 22, 2014); *Brackney v. Farmers Ins. Exchange*, No. 4-11-cv-00527-FJG, 2011 WL 3678822 (W.D. Mo. Aug. 22, 2011); *Thompson v. Victoria Fire & Ca. Co.*, 32 F. Supp. 2d 847 (D. S.C. 1999); *Incopero v. Farmers Ins. Exchange*, 113 F.R.D. 28 (D. Nev. 1986). To the extent Plaintiff correctly identifies that Farmers—a large, nationwide company—strategically and self-servingly argues opposing theories of diversity jurisdiction, I find such tactics troubling. Despite these inconsistencies, the relevant law here is clear. Although I caution Farmers in its approach to analogous litigation in the future, I note that this particular area of law is unsettled in many jurisdictions, which explains the conflicting arguments Farmers has made in other lawsuits.

Committee remarked in its report on CAFA, this change was prompted by the same unfairness

that Plaintiffs perceive here:

> This rule "has been frequently criticized because often an unincorporated
> association is, as a practical matter, indistinguishable from a corporation in the
> same business." Some insurance companies, for example, are "inter-insurance
> exchanges" or "reciprocal insurance associations." For that reason, federal courts
> have treated them as unincorporated associations for diversity jurisdiction
> purposes. Since such companies are nationwide companies, they are deemed to be
> citizens of any state in which they have insured customers. Consequently, these
> companies can never be completely or even minimally diverse in any case. It
> makes no sense to treat an unincorporated insurance company differently from,
> say, an incorporated manufacturer for purposes of diversity jurisdiction. New
> subsection 1332(d)(10) corrects this anomaly.

S.Rep. No. 109–14, at 46 (Feb. 28, 2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 43 (footnotes

omitted). However, this change only abrogates the rule for particular class actions; it does not

alter this court's general diversity jurisdiction. Until Congress extends subsection 1332(d)(10) to

all general diversity cases involving unincorporated associations, I lack subject matter

jurisdiction over Plaintiffs' complaint.

## II. Leave to Amend

I further decline to grant Plaintiffs leave to amend. Although leave to amend should be

freely given, Fed. R. Civ. P. 15(a)(2), courts may refuse such a request when, for example,

amendment would be futile, *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, I find that no

additional pleading could possibly give the court subject matter jurisdiction over this case.

Accordingly, amendment would be futile, and this case is dismissed without prejudice for proper

refiling in a court with subject matter jurisdiction.

## **CONCLUSION**

For these reasons, Defendant's Motion to Dismiss, ECF No. 6, is GRANTED. Plaintiffs'

complaint is hereby DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED this ⊆⁊ day of April 2016.

Michael J. McShane
United States District Judge